IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UMD AUTOMATED SYSTEMS, INC., | ) | Case No.: 5:23-cv-264 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MK METAL PRODUCTS ENTERPRISES, INC., | ) | **COMPLAINT FOR PATENT INFRINGEMENT** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

Plaintiff UMD Automated Systems, Inc., by and through its attorneys, for its Complaint against Defendant MK Metal Products Enterprises, Inc., alleges as follows:

## PARTIES

1.      Plaintiff UMD Automated Systems, Inc. ("UMD") is a corporation established and existing under the laws of the State of Ohio, with its principal place of business at 9855 Salem Rd., Fredericktown, Ohio 43019.

2.      On information and belief, Defendant MK Metal Products Enterprises, Inc. ("MK Metal") is a corporation established and existing under the laws of the State of Ohio, with its principal place of business at 301 W. Prospect St., Smithville, Ohio 44677.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. §1 *et seq*., specifically including 35 U.S.C. §271.

4.     This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1331 and §1338(a) and 35 U.S.C. §281 because this action arises under the patent laws of the United States; 28 U.S.C. §1331.

5.     This Court has personal jurisdiction over MK Metal due to its principal place of business in this judicial district.

6.     Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391(b), (c) and 28 U.S.C. §1400(b).

## PATENTS-IN-SUIT

7.     On June 9, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,051,129 ("the '129 Patent") entitled "Mechanism for Improved Handling of Conveyor Packages".  A true and accurate copy of the '129 Patent is attached hereto as Exhibit 1.

8.     The '129 Patent was validly assigned to UMD on October 3, 2022.

9.     The '129 Patent is generally directed to conveyor assemblies and, more particularly, to conveyor assemblies for vehicle tires. In accordance with a particular embodiment, the patented mechanism may comprise a sorting system having a primary conveyor, a stager, including a paddle, and a diverter, also including a paddle. The diverter can be used to change the direction of the product on the primary conveyor to a side conveyor.

10.    On January 31, 2012, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,104,606 ("the '606 Patent") entitled "Tire Conveyor Assembly and Components Thereof".  A true and accurate copy of the '606 Patent is attached hereto as Exhibit 2.

11.    The '606 Patent was validly assigned to UMD on November 24, 2008.

12.    The '606 Patent is generally directed to conveyor assemblies and, more particularly, to conveyor assemblies for vehicle tires. In accordance with a particular embodiment, the patented

assembly may comprise a main conveyor assembly, a tire stager assembly, and a diverter assembly. As will be discussed further below, the patent claims are to a conveyor assembly having side frames, brackets, mounting surfaces, and elongate slots, all of which serve to facilitate locating and relocating components along the length of the conveyor assembly.

<u>COUNT I</u>
<u>INFRINGEMENT OF U.S. PATENT NO. 9,051,129</u>

13. UMD incorporates by reference the allegations in Paragraphs 1 – 12 of its Complaint as if fully set forth herein.

14. In accordance with 35 U.S.C. §282, the '129 Patent is presumed valid.

15. MK Metal, directly or through the actions of its employees, divisions, and/or subsidiaries, is directly infringing the '129 Patent by making, using, offering to sell, selling, and/or importing in the U.S. its conveyor ("MK Metal Conveyor,"), which is covered under the '129 Patent.

16. The claim chart below shows how at least claim 1 of the '129 Patent reads on the MK Metal Conveyor, based on information currently available to UMD. The claim chart is not intended to limit the scope of UMD's infringement claim in any way and is intended to be without prejudice to UMD's ability to assert different or additional claims of the '129 Patent against MK Metal and/or to apply such claims to the accused product differently in view of additional information that UMD may acquire during the course of this litigation.

17. Claim 1 of the '129 Patent recites as follows:

1. A sorting system for sorting product for use with a product primary conveyor apparatus comprising:

(a) a frame system of a first side rail and a second side rail supporting a transverse roller conveyor belt forming said primary conveyor apparatus;

(b)  a stager for urging a product being carried on said primary conveyor into a chosen lateral position on the transverse roller conveyor comprising one or more actuatable staging paddles affixed to the frame system and having a flat paddle face fitted with rollers, which staging paddle urges a product into a position;

(c)  a diverter for changing a direction of travel of a product being carried by said primary conveyor apparatus to a side conveyor apparatus, said affixed to said first side frame and comprising:

(i)  a diverter piston assembly affixed to said first side frame;

(ii)  a diverter pivot arm pivotally affixed to said first side frame and pivotally connected to said diverter piston assembly; and

(iii)  a diverter paddle affixed to said pivot arm, said diverter piston assembly being actuatable to pivot said diverter pivot arm, said diverter pivot arm in turn causing said diverter paddle to pivot and contact a product being carried by said primary conveyor for diverting said product into a discharge path disposed opposite said diverter.

(Ex. 1, '129 Patent, col. 11, ln. 40 – col. 12, ln. 19.)

18.  On information and belief, the MK Metal Conveyor satisfies each and every limitation of Claim 1 as set forth below:

(remainder of this page intentionally left blank)

| U.S. Patent No. 9,051,129 | | |
|---|---|---|
| **Claim 1** | **Notes** | **MK Metal Conveyor** |
| Preamble: A sorting system for sorting product for use with a product primary conveyor apparatus comprising: | The entire image shown on the right is the MK Metal Conveyor [1], which is a mechanism for improved handling of conveyor packages, is a sorting system. |  |
| (a) a frame system of a first side rail and a second side rail supporting a transverse roller conveyor belt forming said primary conveyor apparatus; | The MK Metal Conveyor [1] includes a frame system [2] having a first side rail or frame [3] and a second side rail or frame [4] (shown below, lower right-hand side, which is the mirror-image side of first side rail) that supports a transverse roller conveyor belt [5]. |  |

| U.S. Patent No. 9,051,129 | | |
|---|---|---|
| **Claim 1** | **Notes** | **MK Metal Conveyor** |
| | |  |
| (b) a stager for urging a product being carried on said primary conveyor into a chosen lateral position on the transverse roller conveyor comprising one or more actuatable staging paddles affixed to the frame system and having a flat paddle face fitted with rollers, which staging paddle urges a product into a position; | The MK Metal Conveyor [1] includes a stager [6], comprising one or more actuatable staging paddles [7] fitted with rollers [8], for urging a product being carried on the conveyor belt into a chosen lateral position. |  |
| (c) a diverter for changing a direction of travel of a product being carried by said primary conveyor apparatus to a side conveyor apparatus, said affixed to said first side frame and comprising: | The MK Metal Conveyor [1] includes a diverter [9] for changing a direction of travel of a product being carried by the conveyor belt to a downstream side conveyor apparatus. |  |

| U.S. Patent No. 9,051,129 | | |
|---|---|---|
| **Claim 1** | **Notes** | **MK Metal Conveyor** |
| (i) a diverter piston assembly affixed to said first side frame; | The MK Metal Conveyor [1] includes a diverter piston assembly [10] affixed to the first side frame [3]. |  |
| (ii) a diverter pivot arm pivotally affixed to said first side frame and pivotally connected to said diverter piston assembly; and | The MK Metal Conveyor [1] includes a diverter pivot arm [11] affixed to the first side frame [3] and pivotally connected to the diverter piston assembly [10]. |  |

| U.S. Patent No. 9,051,129 | | |
|---|---|---|
| **Claim 1** | **Notes** | **MK Metal Conveyor** |
| (iii) a diverter paddle affixed to said pivot arm, said diverter piston assembly being actuatable to pivot said diverter pivot arm, said diverter pivot arm in turn causing said diverter paddle to pivot and contact a product being carried by said primary conveyor for diverting said product into a discharge path disposed opposite said diverter. | The MK Metal Conveyor [1] includes a diverter paddle [13] affixed to the diverter pivot arm [11]. The diverter piston assembly [10] is capable of being actuated to pivot the diverter pivot arm [11]. In turn, the diverter pivot arm [11] causes the diverter paddle [13] to pivot and be able to contact a product carried by the conveyor belt to divert the product. |  |

19.    On June 8, 2016, soon after the issuance of the '129 Patent, counsel for UMD sent a letter to MK Metal informing placing MK Metal on notice of the issuance of the '129 Patent. A true and accurate copy of the June 8, 2016 letter is attached hereto as Exhibit 3.

20.    On July 19, 2017, counsel for UMD sent a second letter to MK Metal, once again placing MK Metal on notice of the '129 Patent. A true and accurate copy of the July 19, 2017 letter is attached hereto as Exhibit 4.

21.    Recently, UMD learned that MK Metal had sold a conveyor system to a mutual customer of both UMD and MK Metal. A UMD employee was lawfully at the facility of the mutual customer, photographed the infringing MK Metal conveyor, and showed the photographs to UMD leadership. UMD determined that the MK Metal Conveyor infringes the '129 Patent.

22. On August 5, 2022, counsel for UMD sent a cease-and-desist letter to MK Metal via FedEx and Email. A true and accurate copy of the August 5, 2022 letter is attached hereto as Exhibit 5. The August 5th letter instructed MK Metal to cease infringing the '129 patent and requested a response by September 7, 2022.

23. Letters from MK Metal's counsel denied infringement and, hence, MK Metal has refused to cease infringing the '129 Patent. True and accurate copies of letters from MK Metal's counsel are attached hereto as Exhibit 6.

24. MK Metal has infringed and continues to willfully infringe the '129 Patent.

25. As a result of MK Metal's infringement of the '129 Patent, UMD has suffered damages, including lost profits, and the reputation of UMD may be damaged by consumers mistaking the MK Metal Conveyor for that of UMD.

26. By reason of said acts by MK Metal, UMD has and will continue to be seriously damaged and irreparably injured until MK Metal is enjoined by this Court from the actions complained of herein, and thus, UMD is without an adequate remedy at law.

<u>**COUNT II**</u>
<u>**CLAIM FOR INDUCED INFRINGEMENT – 35 U.S.C. §271(b)**</u>

27. UMD incorporates by reference paragraphs 1-26 as if fully set forth herein.

28. On information and belief, MK Metal knew of the '129 Patent and has been and is actively inducing others to infringe the '129 Patent both in the State of Ohio and throughout the United States by making, offering to sell, selling, promoting, importing, and otherwise distributing its MK Metal Conveyor, intending third parties who acquire its MK Metal conveyor to use it, or at least knowing that third parties who acquire its MK Metal conveyor will use it.

29.     Because MK Metal's Conveyor is encompassed by at least claim 1 of the '129 Patent, as explained in claim chart above, those using MK Metal's Conveyor are directly infringing the '129 Patent.

30.     On information and belief, MK Metal knew that using the MK Metal Conveyor would be an act of direct infringement and thus knew that making, selling, promoting, importing, and otherwise distributing its MK Metal conveyor would induce third parties to acquire and use the MK Metal Conveyor, which would result in its direct infringement of the '129 Patent. On information and belief, despite such knowledge, MK Metal has been and is actively inducing infringement of the '129 Patent by others.

31.     Despite being on notice of the '129 Patent, and despite the fact that the infringement of the '129 Patent was readily determinable by MK Metal when it was put on notice, Defendant, MK Metal, has not ceased making, offering to sell, selling, promoting, importing, and otherwise distributing its MK Metal Conveyor. Therefore, MK Metal's actions have been both deliberate and malicious.

32.     On information and belief, MK Metal has continued and will continue to induce the infringement of the '129 Patent unless and until it is enjoined by this Court.

33.     As a result of MK Metal's inducement of infringement of the '129 Patent, UMD has suffered damages, including lost profits, and the reputation of UMD may be damaged by consumers mistaking the MK Metal Conveyor for that of UMD.

34.     By reason of said acts by MK Metal, UMD has been and will continue to be seriously damaged and irreparably injured unless MK Metal is enjoined by this Court from the actions complained of herein, and thus, UMD is without an adequate remedy at law.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,104,606

35.    UMD incorporates by reference paragraphs 1-34 as if fully set forth herein.

36.    In accordance with 35 U.S.C. §282, the '606 Patent is presumed to be valid.

37.    MK Metal, directly or through the actions of its employees, divisions, and/or subsidiaries, is directly infringing the '606 Patent by making, using, offering to sell, selling, or importing in the U.S. its conveyor assembly ("MK Metal Assembly,"), which is covered under the '606 Patent.

38.    The below claim chart shows how the MK Metal Assembly is covered under at least claim 1 of the '606 Patent, based on information currently available to UMD. This chart is not intended to limit the scope of UMD's infringement claim in any way and is intended to be without prejudice to UMD's ability to assert different or additional claims of the '606 Patent against MK Metal and/or to apply such claims to the accused product differently in view of additional information that UMD may acquire during the course of litigation.

39.    Claim 1 of the '606 Patent recites as follows:

1.    In a conveyor assembly including a conveyor belt rotating about a drive roller assembly and an end return roller assembly, said conveyor assembly for conveying a product to one or more product operations along its length, the improvement for locating and relocating components along the length of said conveyor assembly being a component mount which comprises:

a pair of spaced apart side frames that support said conveyor belt and between which said conveyor belt rotates; said side frames formed from an upstanding member having a horizontally extending upper flange carrying a series of elongated slots along the length of said horizontally extending upper flange, and adapted to be attached to

brackets each having at least one component mounting surface carrying a series of elongated slots configured to overlay said horizontally extending upper flange elongate slots for attaching components to said side frames; said overlaying engagement of said bracket and flange slots facilitating locating and relocating components along the length of said conveying assembly.

(Ex. 2, '606 Patent, col. 9, ln. 43 – col. 10, ln. 19.)

40.     On information and belief, the MK Metal Conveyor satisfies each and every

limitation of Claim 1 as set forth below:

| U.S. Patent No. 8, 104, 606 | | |
|---|---|---|
| **Claim 1** | **Notes** | **MK Conveyor** |
| 1. In a conveyor assembly including a conveyor belt rotating about a drive roller assembly and an end return roller assembly, said conveyor assembly for conveying a product to one or more product operations along its length, the improvement for locating and relocating components along the length of said conveyor assembly being a component mount which comprises: | The conveyor assembly [1] is shown here. |  |
| a pair of spaced apart side frames | The side frames [2] can be seen supporting the conveyor belt [3]. |  |

| that support said conveyor belt | The side frames [2] can be seen supporting the conveyor belt [3]. |  |
| and between which said conveyor belt rotates, | The curvature of the conveyor belt [3] shows that the belt rotates between the frames. |  |

| | | |
|---|---|---|
| said side frames formed from an upstanding member | The upstanding member [12] forms the side frame. |  |
| having a horizontally extending upper flange | The upper flange [4] in the MK Assembly is bent at the top of the upstanding member [12]. |  |

| | | |
|---|---|---|
| carrying a series of elongated slots along the length of said horizontally extending upper flange | The upper flange [4] in the MK Conveyor also possesses "elongated slots" [5]. |  |
| and adapted to be attached to brackets | The "elongated slots" [5] correlate to mounting bracket slots [7] on the bracket [6]. |  |

| | | |
|---|---|---|
| each having at least one component mounting surface | The bracket [6] shows the mounting surface with elongated slots [7] (bracket slots, as opposed to side frame slots [5] above). |  |
| carrying a series of elongated slots | The bracket [6] shows the mounting surface with elongated slots [7] (bracket slots, as opposed to side frame slots [5] above). |  |

| configured to overlay said horizontally extending upper flange elongate slots | The bracket slots [7] overlay the side frame slots [5]. |  |
| for attaching components to said side frames | |  |

| | | |
|---|---|---|
| said overlaying engagement of said bracket and flange slots facilitating locating and relocating components along the length of said conveying assembly. | The bracket assembly shown in the MK Conveyor system can be unbolted and shifted along the length of the side frames. |  |

41.     The June 8, 2016 letter also placed MK Metal on notice of the '606 Patent.

42.     The July 19, 2017, letter once again placed MK Metal on notice of the '606 Patent.

43.     Shortly before August, 2022, UMD learned that MK Metal had sold a conveyor system to a mutual customer of both UMD and MK Metal. A UMD employee was lawfully at the facility of the mutual customer, photographed the infringing MK Metal conveyor, and showed the photographs to UMD leadership. UMD determined that the MK Metal conveyor infringed the '606 Patent.

44.     MK Metal has refused to cease infringing the '606 Patent.

45.     MK Metal has infringed and continues to willfully infringe the '606 Patent.

46.     As a result of MK Metal's infringement of the '606 Patent, UMD has suffered damages, including lost profits, and the reputation of UMD may be damaged by consumers mistaking the MK Metal conveyor for that of UMD.

47.     By reason of said acts by MK Metal, UMD has and will continue to be seriously damaged and irreparably injured until MK Metal is enjoined by this Court from the actions complained of herein, and thus, UMD is without an adequate remedy at law.

## COUNT IV
## CLAIM FOR INDUCED INFRINGEMENT – 35 U.S.C. §271(b)

48.     UMD incorporates by reference paragraphs 1-47 as if fully set forth herein.

49.     On information and belief, MK Metal knew of the '606 Patent and has been and is actively inducing others to infringe the '606 Patent both in the State of Ohio and throughout the United States by making, offering to sell, selling, promoting, importing, and otherwise distributing its MK Metal conveyor, intending third parties who acquire its MK Metal conveyor to use it, or at least knowing that third parties who acquire its MK Metal conveyor will use it.

50.     Because MK Metal's conveyor is encompassed by at least claim 1 of the '606 Patent, as explained *supra*, those using MK Metal's conveyor are directly infringing the '606 Patent.

51.     On information and belief, MK Metal knew that using the MK Metal conveyor would be an act of direct infringement and thus knew that making, selling, promoting, importing, and otherwise distributing its MK Metal conveyor would induce third parties to acquire and use the MK Metal conveyor, which would result in its direct infringement of the '606 Patent. On information and belief, despite such knowledge, MK Metal has been and is actively inducing infringement of the '606 Patent by others.

52.     Despite being on notice of the '606 Patent, and despite the fact that the infringement of the '606 Patent was readily determinable by MK Metal when it was put on notice, Defendant, MK Metal, has not ceased making, offering to sell, selling, promoting, importing, and otherwise

distributing its MK Metal conveyor. Therefore, MK Metal's actions have been both deliberate and malicious.

53.    On information and belief, MK Metal has continued and will continue to induce the infringement of the '606 Patent unless and until it is enjoined by this Court.

54.    As a result of MK Metal's inducement of infringement of the '606 Patent, UMD has suffered damages, including lost profits, and the reputation of UMD may be damaged by consumers mistaking the MK Metal conveyor for that of UMD.

55.    By reason of said acts by MK Metal, UMD has been and will continue to be seriously damaged and irreparably injured unless MK Metal is enjoined by this Court from the actions complained of herein, and thus, UMD is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, UMD prays for entry of a judgment by this Court against MK Metal providing:

A.    That MK Metal has infringed the '129 Patent.

B.    That MK Metal has induced others to infringe the '129 Patent.

C.    That MK Metal, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from further infringing the '129 Patent during its term;

D.    For an award of damages, together with prejudgment and post-judgment interest, to compensate UMD for the infringement by MK Metal of the '129 Patent and that in light of the willful and egregious nature of that infringement, such award be increased three times the amount of the damages found or assessed, in accordance with 35 U.S.C. §284;

E.    That MK Metal has infringed the '606 Patent.

F.    That MK Metal has induced others to infringe the '606 Patent.

G.    That MK Metal, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from further infringing the '606 Patent during its term;

H.    For an award of damages, together with prejudgment and post-judgment interest, to compensate UMD for the infringement by MK Metal of the '606 Patent and that in light of the willful and egregious nature of that infringement, such award be increased three times the amount of the damages found or assessed, in accordance with 35 U.S.C. §284;

I.    If this case is determined to be exceptional, for an award to UMD of its reasonable attorney fees in accordance with 35 U.S.C. §285;

J.    For an award to UMD of all its costs; and

K.    For such other and further relief as the Court may deem just and proper.

Dated: February 9, 2023                    **EMERSON, THOMSON & BENNETT, LLC**

                                                         */s/ John M. Skeriotis*
                                                         John M. Skeriotis (OH Bar No. 69263)
                                                         jms@etblaw.com
                                                         Sergey Vernyuk (OH Bar No. 89101)
                                                         sv@etblaw.com
                                                         Roger D. Emerson (OH Bar No. 37731)
                                                         roger.emerson@etblaw.com
                                                         1914 Akron-Peninsula Road
                                                         Akron, OH  44313
                                                         Telephone: (330) 434-9999
                                                         Facsimile: (330) 434-8888
                                                         *Attorneys for Plaintiff*
                                                         *UMD Automated Systems, Inc.*

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, UMD demands a trial by jury on all issues so triable.

February 9, 2023                                                 */s/ John M. Skeriotis*
Date                                                           John M. Skeriotis
                                                            *One of the Attorneys for Plaintiff*
                                                              *UMD Automated Systems, Inc.*